United States District Court
Southern District of Texas
**ENTERED**
July 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | **2:12-CR-1034** |
| | § | **(2:16-CV-200)** |
| **RUSSELL JAMES LONGORIA,** | § | |
| Defendant-Movant. | § | |

## ORDER

Defendant Russell James Longoria filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 55. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (§ 2255 RULES) (2015).

Longoria was sentenced in 2013 to 188 months in the Bureau of Prisons as an Armed Career Criminal after he was convicted of being a felon in possession of a firearm. He did not appeal, but filed a motion under 28 U.S.C. § 2255 in which he claimed his counsel was ineffective and challenged the use of his previous convictions as predicate offenses for enhanced sentencing. D.E. 33, 36. After a hearing, the Court denied the motion and entered final judgment on November 24, 2015. D.E. 53, 54. Longoria's present motion seeks relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Welch v. Untied States*, 136 S.Ct. 1257 (2016).

## ANALYSIS

Longoria's present motion was filed after a previous § 2255 motion, thus, his current motion is a second or successive motion. In pertinent part, 28 U.S.C. § 2255(h) provides:

>A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
>(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

**Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court.** *See* 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

Longoria's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, Longoria's motion (D.E. 55) is dismissed as second or successive. *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Longoria has not yet filed a notice of appeal, the § 2255 Rules instruct the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Longoria cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## CONCLUSION

For the foregoing reasons, Longoria's motion (D.E. 55) is **DISMISSED** pursuant to Rule 4(b) and he is **DENIED** a Certificate of Appealability. The Clerk is instructed to **TRANSFER** the motion to the Fifth Circuit Court of Appeals as an unauthorized second or successive motion. *See In re Epps*, 127 F.3d 364, 365 (1997). The Clerk is further instructed to send Longoria copies of Docket Entries 33, 36, 53, and 54.

It is so **ORDERED**.

**SIGNED** this 6th day of July, 2016.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

3