IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | 2:12-CR-1034 |
| | § | |
| RUSSELL JAMES LONGORIA, | § | |
|     Defendant-Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Russell James Longoria filed a "Motion to Stay, Hold, Abeyance, Until Pending Case Has Been Resolved Under Michael Herrold v. United States, 137 S. Ct. 310 (2016)" (D.E. 58). The Court construes the motion as a request to open a § 2255 motion and hold it open until the Supreme Court decides *Herrold*. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." RULE 4(B) OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 Rules) (2018). For the reasons stated herein, the Court dismisses Longoria's motion because the Court lacks jurisdiction over the motion and denies him a certificate of appealability.

## BACKGROUND

Longoria was sentenced in 2013 to 188 months in the Bureau of Prisons as an Armed Career Criminal after he was convicted of being a felon in possession of a firearm. He did not appeal, but filed a motion to vacate, set aside, or correct sentence in which he challenged the use of his previous convictions (two of which were Texas burglaries) as predicate offenses for enhanced sentencing and claimed his counsel was ineffective. D.E. 33, 36. After a hearing, the Court denied the motion and entered final judgment on November 24, 2015. D.E. 53, 54. He filed

a second § 2255 after *Johnson v. United States*, 135 S.Ct. 2551 (2015). The Court transferred his

motion to the Fifth Circuit as second or successive, but the Fifth Circuit declined to grant him a

certificate of appealability. In his present filing, Longoria quotes from what appears to be an

Order on a petition he filed with the United States Supreme Court, but this Court has not been

able to determine that he filed a petition for certiorari or any order resulted.

Longoria now seeks relief based upon the recent *en banc* decision of the Fifth Circuit

Court of Appeals in *Herrold v. United States*, 883 F.3d 517 (5th Cir. 2018), which held that

Texas burglary does not constitute generic burglary and Texas burglary convictions no longer

qualify as predicate offenses pursuant to the Armed Career Criminal Act. A petition for writ of

certiorari in *Herrold* was filed in April 2018 by the Solicitor General of the United States, but has

not yet been ruled on. *United Sates v. Herrold*, No. 17-1445.

## ANALYSIS

Because Longoria's present motion was filed after a previous § 2255 motion, his current

motion is a second or successive motion. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a
> panel of the appropriate court of appeals to contain –
>
> (1)  newly discovered evidence that, if proven and viewed in light of the
>       evidence as a whole, would be sufficient to establish by clear and
>       convincing evidence that no reasonable factfinder would have found the
>       movant guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral
>       review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the

approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver*

*v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Longoria's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, Longoria's motion is denied as a second or successive § 2255 motion. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Longoria has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This

standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Longoria cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

### CONCLUSION

For the foregoing reasons, Longoria's construed motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 58) is **DENIED** pursuant to Rule 4(b) and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 9th day of May, 2018.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE