United States District Court
Southern District of Texas
**ENTERED**
August 06, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CRIMINAL NO. 2:12-1034 |
| | § | |
| RUSSELL JAMES LONGORIA,<br>    Defendant. | §<br>§<br>§ | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Russell James Longoria's Motion for Sentence Reduction 18 U.S.C. 3582(c)(A)(1). D.E. 79.

**I. BACKGROUND**

In 2013, Defendant was convicted of being a felon in possession of a firearm. He was found to be an armed career criminal and sentenced to 188 months' imprisonment. He has served 104 months (55%) of his sentence and has a projected release date, after good time credit, of May 21, 2026. Defendant previously moved the Court for two days of "hardship credit" for each day served due to COVID-19 lockdown conditions in prison, but his motion was denied. Citing the same lockdown conditions plus his rehabilitative efforts while incarcerated, Defendant now moves the Court for a sentence reduction of 12 to 24 months due to extraordinary and compelling circumstances. He states that on May 23, 2021, he sent a written request to the warden of his facility asking the warden to bring a motion for a sentence reduction on his behalf, but he has not provided a copy of his request nor indicated whether he received a response.

**II. LEGAL STANDARD**

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

1

>  **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>> (i) *extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

> **(A) Medical Condition of the Defendant.—**
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>> (ii) The defendant is—
>>> (I) suffering from a serious physical or medical condition,
>>> (II) suffering from a serious functional or cognitive impairment, or
>>> (III) experiencing deteriorating physical or mental health because of the aging process,

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(B) Age of the Defendant. –**
> The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
> **(C) Family Circumstances. –**
> (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(D) Other Reasons. –**
> As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable

statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

## III. ANALYSIS

In support of a sentence reduction, Defendant cites the "extraordinary hardships" he has suffered while incarcerated, including restrictive lockdowns, limited recreation and sunlight, and the cancelation of religious services, educational classes, and contact visits with family. He states that he also contracted COVID-19 and became extremely sick. Because the conditions of confinement have rendered his incarceration "significantly more punitive" than intended, Defendant moves the Court to reduce his sentence by 12 to 24 months. With respect to motions for a sentence reduction based on COVID-19, "the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person." *United States v. Koons*, 455 F. Supp. 3d 285, 291 (W.D. La. 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

Defendant further emphasizes that he has had "only one minor incident report" during his eight years of incarceration; earned his GED and a trade diploma in building maintenance; completed classes in parenting, computers, and financial management; and served as a chaplain's assistant prior to the COVID-19 pandemic while working towards becoming an ordained minister. Defendant's rehabilitative efforts are commendable; however, while the Court is

4

permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

Finally, Defendant has offered no evidence that he has pursued his remedies within the BOP before petitioning the Court for a sentence reduction as required. Because he has failed to demonstrate his compliance with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it. *See generally*, *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016); *see also United States v. Reeves*, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("While the Court is well aware of the effects the Covid-19 pandemic . . . , § 3582(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period.").

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Sentence Reduction 18 U.S.C. 3582(c)(A)(1) (D.E. 79) is **DENIED**.

It is so **ORDERED** this 3rd day of August, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE